## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **1:20-cv-00541** |
| | ) | |
| **BASF CORPORATION. et al.,** | ) | **Removed from the Circuit Court of** |
| | ) | **Washington County** |
| **Defendants.** | ) | **No.: 65-2020-900056.00** |
| | ) | |
| | ) | |

### NOTICE OF REMOVAL

Defendant BASF Corporation ("BASF"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action from the Circuit Court of Washington County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.  As addressed below, diversity jurisdiction exists in this action pursuant to 28 U.S.C. § 1332(a).  In support of this removal, BASF states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff initiated this action on October 6, 2020, by filing a Complaint against BASF and fictitious defendants A, B & C, X, Y & Z in the Circuit Court of Washington County, Alabama, Case No. 65-CV-2020-900056.00.

2.      In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as Exhibit A.

3.      This notice is being filed with the United States District Court within 30 days after the Complaint was served by Plaintiff.  The Complaint was filed on October 6, 2020, and served on BASF on October 13, 2020.  Therefore, this removal is timely under 28 U.S.C. § 1446(b).

4.      This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and BASF, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY JURISDICTION

5.      This action is removable because it is a civil action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Specifically, this Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between BASF and Plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Furthermore, all other prerequisites to removal have been satisfied.

**A.      There is Complete Diversity of Citizenship Between BASF and Plaintiff.**

6.      This action involves "citizens of different states."  28 U.S.C. § 1332(a)(1).

7.      Plaintiff David Moore is a citizen of Alabama.  Compl. at ¶ 1.

8.      BASF is, and at the time of the filing of this action was, a corporation organized and existing under the laws of Delaware.   BASF's principal place of business is, and at the time of the filing of this action was, in New Jersey.  BASF is thus a citizen of Delaware and New Jersey pursuant to 28 U.S.C. § 1332(c)(1).

9.      Defendants A, B & C, X, Y & Z have been sued under fictitious names.   "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."   28 U.S.C. § 1441(b)(1).

10.      Accordingly, complete diversity of citizenship of the parties to this action exists.

**B.     The Amount-in-Controversy Requirement is Satisfied.**

11.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

12.     While the Complaint does not specify the amount of damages Plaintiff seeks, it is "facially apparent" from the Complaint that Plaintiff seeks more than the $75,000 jurisdictional minimum.  *Roe v. Michelin*, 613 F.3d 1058, 1061-62 (11th Cir. 2010); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

13.     Here, Plaintiff alleges that he suffered personal injuries and aggravation of pre-existing conditions when his left hand was "violently mashed."  Compl. at Count I ¶ 2, Count II ¶ 2.  As a result, Plaintiff alleges he suffered compensatory damages "consisting of, medical expenses past, present and future, physical pain and suffering, emotional distress and mental anguish, permanent injury, and aggravation of pre-existing conditions and damages for permanent disfigurement, permanent impairment and lost earnings and lost earnings capacity."  *Id.* at Count I ¶ 4, Count II ¶ 4.  Plaintiff asserts claims for negligence and wantonness.  *Id.* at Counts I-II.  Plaintiff seeks "compensatory and punitive damages."  *Id.* at Count II *ad damnum* clause.

14.     It is well settled that the prospect of punitive damages sought by Plaintiff must be considered in any calculation of the amount in controversy.  *See, e.g., Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in a diversity cases, punitive damages must be considered, … unless it is apparent to a legal certainty that such cannot be recovered.") (citations omitted).  Plaintiff's Complaint explicitly seeks punitive damages.  Compl. at Count II *ad damnum* clause.  Although BASF denies

liability in this matter and will contest all of Plaintiff's damages claims, it is reasonable to conclude, based on "experience and common sense," that more than $75,000, exclusive of interests and costs, is in controversy in this case. *See Roe*, 613 F.3d at 1062.

15.    Although BASF denies liability in this matter and will contest Plaintiff's damages claims, more than $75,000, exclusive of interests and costs, is in controversy in this case.

**C.    The Other Prerequisites for Removal Have Been Satisfied.**

16.    In addition to satisfying the requirements of diversity jurisdiction, BASF has satisfied all other requirements for removal.

17.    First, the time within which BASF is permitted to remove this action under 28 U.S.C. § 1446(b) has not expired as of the time of the filing and service of this Notice of Removal. Less than 30 days have passed since Plaintiff served the Complaint on BASF.

18.    Second, in accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as Exhibit A.

19.    Third, removal to this district and division is proper under 28 U.S.C. § 81(c)(2) because the district and division embrace the Circuit Court of Washington County, Alabama, the forum in which the removed action was pending.

20.    Finally, in accordance with 28 U.S.C. § 1446(d), BASF will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal (attached hereto as Exhibit B) with the Clerk of the Circuit Court of Washington County, Alabama, where this action is currently pending.

21.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8 or Federal Rule of Civil Procedure 12.

WHEREFORE, Defendant BASF Corporation respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Washington County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Dated:  November 12, 2020

Respectfully submitted,

*/s/F.M. Haston, III*
Fred M. "Tripp" Haston, III (ASB-8858-A64F)
Riley P. Griffin (ASB-3250-C00K)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL  35203
Telephone:  (205) 521-8000
Email:  thaston@bradley.com
Email:  rgriffin@bradley.com

*Attorneys for Defendant BASF Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020 I served a copy of the foregoing via the Court's electronic filing system, by first-class U.S. mail, postage prepaid, or electronic mail upon the following:

Charles R. Godwin
Timothy J. Godwin
10388 Highway 31
Atmore, Alabama 36502
251-368-14177
251-368-0839 (fax)
godwinlaw@frontier.com

*Attorneys for Plaintiff*

*/s/F.M. Haston, III*
OF COUNSEL